## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Paul L. Carver

v.

Thomas J. Houser et al.

September 24, 1991

Case No. CL91-168

By JUDGE WILLIAM H. LEDBETTER, JR.

Paul L. Carver instituted this action to recover against the defendants on a promissory note dated September 26, 1990. The principal amount of the note is $42,387.50, payable in monthly installments beginning October 15, 1990.

In his motion for judgment, Carver alleges that the note is in default and that he is entitled to recover the balance due plus interest and attorney's fees.

The Housers, pro se, filed an "answer" and a "defense and counterclaim." They acknowledge that they signed the note, and they further acknowledge that they have made no payments on the note since April of 1991. They allege that Carver is in breach of the contract "covering the purchase of [Carver's] flooring business and his breach is the reason for stopping payment on the note." They explain that the note was given in connection with their purchase of Carver's business under the terms of a contract dated November 22, 1988, as modified on September 26, 1990. (Copies of the contract, the modification, and the note are attached to the pleadings.) As for the breach, they allege that Carver has breached the "no compete" covenant (paragraph E) of the underlying contract.

Carver then filed a motion for summary judgment, contending that the Housers' defenses "are not defenses

to money due and owing on the note as a matter of law" and, therefore, "Carver . . . is entitled to judgment [on the note] . . . as a matter of law."

The court heard arguments on Carver's motion on September 23, 1991, and took the matter under advisement.

The promissory note is commercial paper, a negotiable instrument, governed by the provisions of Article 3 of the Uniform Commercial Code (U.C.C.). Virginia Code Section 8.3-101 et seq. If the note was in the hands of a holder in due course, most defenses would be "cut off," or unavailable to the makers of the note. Virginia Code §§ 8.3-302 and 8.3-305. Carver, however, is the payee -- an original party to the note -- and not a holder in due course. He has not alleged that he is anything other than the payee. Therefore, he is "one not a holder in due course." Virginia Code § 8.3-306.

A holder who is not a holder in due course, particularly an original party to the instrument, holds the instrument "subject to all defenses of any party which would be available in an action on a simple contract." Virginia Code Section 8.3-306. Want or failure of consideration is one such defense. Virginia Code § 8.3-408; 3B M.J., *Commercial Law* § 65.

In essence, the U.C.C. has made little change in the rights and duties of the original parties to an instrument from the old law merchant. Those rights and duties are contractual in nature. Therefore, the Housers' claim that Carver has breached a material provision in the underlying contract affects Carver's right to recover on the note, which was given in partial consideration of the obligations under the underlying contract. The note is part and parcel of the same transaction -- i.e., the sale of the business by Carver to the Housers.

One who is sued on a note given in consideration, or partial consideration, of obligations under another contract, part of the same transaction, may assert recoupment (sometimes called setoff) and other equitable defenses in that action. Virginia Code § 8.01-422; *Wallinger v. Kelly*, 136 Va. 547 (1923). In *Bowling v. Walls*, 78 S.E. 791 (W. Va. 1913), cited in 16 M.J., *Set-Off, Recoupment and Counterclaim* § 42, the highest court of a neighboring state expressly held that in an action on a note given as consideration for the sale of a business, the maker

of the note can claim recoupment for damages arising from a breach by the seller of a "no-compete" clause in the underlying contract.

Because no evidence has been adduced at this stage of the case, the court must look to the pleadings which, for purposes of this determination, are accepted as true. Given this status of the case, there is a material issue in genuine dispute -- the alleged breach by Carver of the "no-compete" covenant in this underlying contract -- which constitutes a defense against the payee's suit to recover on the note.

Accordingly, summary judgment at this point is inappropriate. *See* Rule 3:18. For the reasons explained, the motion for summary judgment will be denied.

The Housers' request for leave to amend their counterclaim is granted. The Housers may amend their pleadings within twenty-one days of September 23, 1991, and Carver may respond within twenty-one days thereafter.

Mr. Houser is admonished not to file pleadings or to make arguments on behalf of Mrs. Houser. Because he is not a licensed member of the bar of this state, he may represent only himself in this proceeding.